UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BRIAN MUTSCHLECHNER, and LACY PICOU**<br>      **Plaintiffs** | *<br>*<br>*<br>* |
| vs | *   **CIVIL ACTION NO.: 1:22-cv-00868**<br>* |
| **RAUL FAGUNDO OLIVARES, and LYFT, INC.,**<br>      **Defendants** | *<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' ORIGINAL COMPLAINT

The Complaint of Plaintiffs herein, Brian Mutschlechner and Lacy Picou, residents of New Orleans, Parish of Orleans, State of Louisiana, alleges and avers as follows:

### A.  PARTIES

1.  Plaintiff, Brian Mutschlechner, is an individual that is a citizen of the State of Louisiana.

2.  Plaintiff, Lacy Picou, is an individual that is a citizen of the State of Louisiana.

3.  Defendant, Raul Fagundo Olivares, is an individual domiciled in the State of Texas and residing in Travis County, Texas, and can be served with process at the following address:  2323 Wells Branch Pkwy Apt, H106 Austin, Texas  78728-6747.

4.  Defendant, Lyft, Inc., is a foreign corporation that is organized under the laws of the State of Delaware. Defendant has its principal place of business in the State of California. Defendant is allowed to do and doing business in the State of Texas and can be

1

served with process through its registered agent for service of process, CT Corporation System, at the following address: 1999 Bryan St. Ste. 900 Dallas, TX 75201.

## B. JURISDICTION

5. This Court has jurisdiction over the lawsuit under 28 U.S.C. §1332 because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## C. VENUE

6. Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

7. Plaintiffs' claims are based on a vehicular collision occurring on or about August 31, 2020, at approximately 6:06 pm at and/or near the intersection of Moore Street and Burleson Street in San Marcos, Hays County, Texas.

## D. FACTS

8. Plaintiff, Brian Mutschlechner, was driving his vehicle, a 2015 white Nissan Altima ("Mutschlechner vehicle"), in the northbound lane, on Moore Street with Plaintiff, Lacy Picou, riding in the front passenger seat. Moore Street is a three-lane road with two southbound lanes and one northbound lane.

9. Defendant Olivares was driving his vehicle westbound on Burleson Street.

10. A third vehicle, occupied by persons not party to this action, were driving in one of the southbound lanes, on Moore Street.

11.     At the time of the collision complained of herein, Defendant Olivares was employed as a driver or was acting as an agent of Defendant Lyft, Inc. (hereinafter referred to as "Lyft"), and was operating his vehicle, a 2019 Chevrolet Trax, within the course and scope of his employment and/or agency with Defendant Lyft.

12.     Defendant Olivares had a Lyft passenger/customer in the vehicle with him at the time of the collision made basis of this suit.

13.     At the intersection of Moore Street and Burleson Street, there is a stop sign on Burleson Street, which yields the right of way to the traffic on Moore Street. There is no stop sign on Moore Street at the intersection of Moore Street and Burleson Street.

14.     Immediately prior to the collision, Defendant Olivares failed to yield to the stop sign on Burleson Street and proceeded into the intersection of Moore Street and Burleson Street.

15.     Defendant Olivares struck the Mutschlechner vehicle, which had the right of way and control of the intersection of Moore Street and Burleson Street.

16.     Defendant Olivares struck the Mutschlechner vehicle with such force that the Mutschlechner vehicle was pushed from the northbound lane it was occupying into the third vehicle occupying the southbound lane of Moore Street.

17.     The Mutschlechner vehicle finally came to rest when it collided with a tree as a result of the force of the impact of Defendant Olivares' vehicle.

18.      The collision was proximately caused by the negligence, negligence *per se*, and gross negligence of Defendant Olivares.  As a result of Defendants' negligence, Plaintiffs have suffered bodily injuries and other damages.

## E. NEGLIGENCE CAUSE OF ACTION

19. Defendant Olivares, was negligent in one or more of the following particulars:

    a. Failure to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    b. Failure to yield to avoid the collision in question;

    c. Failure to yield to the right of way to vehicles in the roadway;

    d. Failure to maintain his vehicle under control;

    e. Failure to take proper evasive action;

    f. Driving in an inattentive or distracted state;

    g. Driving his vehicle in a dangerous, wanton, and reckless manner;

    h. Failure to observe the Mutschlechner vehicle;

    i. Failure to use caution and avoid hitting the Mutschlechner vehicle;

    j. Failure to act as a reasonable or prudent driver would have acted under similar circumstances;

    k. Failure to observe the laws of the State of Texas.

20. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Plaintiffs' injuries and damages.

21. Plaintiffs' injuries were proximately caused by the negligent acts and/or omissions of Defendant Olivares, for whom Defendant Lyft is vicariously liable for, due to Defendant Olivares being in the course and scope of his agency and/or employment, and includes, but is not limited to, the following particulars:

    a.    In failing to adequately train or supervise its employees/agents to safely operate is passenger carrying vehicles;

    b.    Improper hiring practices/and or procedures;

    c.    In failing to operate a vehicle in a safe and prudent manner;

    d.    In failing to maintain a vehicle in a single lane of travel;

    e.    In failing to yield the right of way;

    f.    In failing to maintain a proper lookout and/or being distracted or inattentive;

    g.    In failing to observe traffic conditions; and

    h.    In failing to take proper evasive action.

22. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Plaintiffs' injuries and damages.

## F. DAMAGES

23. Plaintiff, Brian Mutschlechner, itemizes his damages as follows:

    a.    Past, present, and future medical expenses;

    b.    Past, present, and future pain, suffering, mental anguish, distress, and loss of social functions;

    c.    Past, present, and future loss of wages and loss of earning capacity; and

    d.    Past, present, and future loss of ability to engage in his normal and usual social, recreational, and family activity, including loss of household services and consortium.

24. In all reasonable probability, Plaintiff, Brian Mutschlechner, will continue to suffer from these injuries for the rest of his life and seeks compensation for such future

damages.

25. Plaintiff, Lacy Picou, itemizes her damages as follows:

   a. Past, present, and future medical expenses;

   b. Past, present, and future pain, suffering, mental anguish, distress, and loss of social functions;

   c. Past, present, and future loss of wages and loss of earning capacity; and

   d. Past, present, and future loss of ability to engage in her normal and usual social, recreational, and family activity, including loss of household services and consortium.

26. In all reasonable probability, Plaintiff, Lacy Picou, will continue to suffer from these injuries for the rest of her life and seeks compensation for such future damages.

## G. PRAYER

27. For these reasons, plaintiffs ask for judgment against the defendants for the following:

   a. Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages indicated above;

   b. Pre-judgment interest at the maximum amount allowed by law;

   c. Post-judgment interest at the maximum rate allowed by law;

   d. Costs of suit; and

   e. Such other and further relief to which Plaintiff may be justly entitled.

[signature block on next page]

Respectfully submitted,

By:   /s/ Patrick R. Jackson
Patrick R. Jackson
Texas State Bar Roll No. 24002341
Patrick R. Jackson, APLC
4442 Viking Dr., #100
Bossier City, LA  71111
(318) 752-3335
(318) 752-3315 fax
pjackson@bossierlawoffice.com
ATTORNEY FOR PLAINTIFFS